UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT HOFFMAN and LYNDA HOFFMAN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>MJC AMERICA, LTD, A CALIFORNIA CORPORATION; GREE USA, INC., A CALIFORNIA CORPORATION;<br>      Defendants. | 4:18-CV-04169-LLP<br><br>ORDER<br><br>[PLAINTIFF'S MOTION TO COMPEL, DOCKET NO. 23] |

**INTRODUCTION**

  This matter is pending before the court on plaintiffs Scott and Lynda Hoffmans' ("the Hoffmans") amended complaint [Docket No. 12] alleging strict products liability and negligent infliction of emotional distress against defendants, MJC America, Ltd. and Gree, USA, Inc. ("MJC and Gree USA.") The Hoffmans filed a motion to compel MJC and Gree USA to produce their Rule 26(a) initial disclosures, Docket No. 23, and the district court, the Honorable Lawrence L. Piersol, referred that motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 26. The time for the MJC and Gree USA to respond to the Hoffmans' motion has passed, and MJC and Gree USA have not responded. The Hoffmans now ask the court to grant their motion, and for the court to order sanctions against MJC and Gree USA under Fed. R. Civ. P. 37(a)(3)(A) and an award of expenses

and attorney's fees incurred by the Hoffmans in bringing the motion under Fed. R. Civ. P. 37(a)(5)(A).

## FACTS

The Hoffmans filed their complaint on December 14, 2018, based on events that occurred on November 8, 2018. The following recitation of facts is a summary from the Hoffmans' amended complaint [Docket 12], which was filed on January 29, 2019. It is not meant to lend the court's imprimatur as to the verity of those facts, but merely to provide context for discussion of the instant dispute.

This case arises out of product defects alleged by the Hoffmans in a dehumidifier designed and manufactured by Gree Electrical Appliances, Inc. of Zhuhai ("Gree China"), a Chinese corporation, and imported into the United States by its wholly owned subsidiary, Hong Kong Gree Electrical Appliance Sales, LTD ("Gree Hong Kong"), also a Chinese Entity, and sold by the MJC and Gree USA in the United States.

Starting in 2010, Gree China and MJC branded and sold Gree products under the name "Soleus Air powered by Gree" to United States retailers doing business in South Dakota such as Home Depot, Lowes, and Menards.

On or about September, 2010, Gree China and Gree Hong Kong entered into an agreement to form a joint venture between Gree Hong Kong and MJC, whereby Gree Hong Kong would own 51% and MJC would own 49% of a company to be called Gree USA. Gree USA would then market, sell, and distribute products made by Gree China in the United States.

From 2010 through 2013, Gree China manufactured and sold one million eight hundred forty thousand dehumidifiers, via Gree Hong Kong, to MJC and Gree USA. MJC and Gree USA then sold these dehumidifiers in the United States.

The Hoffmans assert that at least as early as September, 2012, Gree China knew of defects in the dehumidifiers and attempted to convince Gree USA and MJC not to report these to the United States Consumer Products Safety Commission.

The Hoffmans also assert Gree China and Gree Hong Kong represented to MJC, Gree USA, South Dakota retailers, and the general public, including residents of South Dakota, that its dehumidifiers were certified by the Underwriters Laboratory ("UL") and that the design and materials used in the manufacturing of its dehumidifiers complied with UL Standard 474 and Standard 94. The Hoffmans assert the representations by Gree China and Gree Hong Kong regarding the materials used in the manufacturing of the dehumidifiers were knowingly false.

The Hoffmans further assert that in 2016, as part of a settlement of litigation between MJC, Gree China, and Gree Hong Kong, Gree China and Gree Hong Kong agreed to defend and indemnify MJC for product liability claims relating to the defects with the humidifiers. The Hoffmans assert the dehumidifier purchased by them and made subject of this lawsuit was manufactured by Gree China, and sold by MJC and Gree USA.

The Hoffmans assert Gree China's knowledge of the UL fraud, and Gree China's knowing sale of its defective and unreasonably dangerous products, is imputed to Gree USA because officers and directors of Gree China were, at all times material to this lawsuit, officers and directors of Gree USA.

The Hoffmans assert that by July, 2012, after receiving a number of consumer complaints, and after being contacted by the United States Consumer Product Safety Commission to respond to consumer complaints, MJC had actual knowledge that the dehumidifiers manufactured by Gree China were fire hazards.

The Hoffmans further assert Charlie Loh and Jimmie Loh, the owners of MJC, and as officers and directors of Gree USA, contacted Gree China to express their concerns. The Hoffmans claim that during a September, 2012, meeting, Larry Lam, an employee of Gree Hong Kong, informed the Lohs that Gree China and Gree Hong Kong were aware that plastics used in constructing the dehumidifier were not compliant with UL 94 and 474. Plaintiffs assert that at the conclusion of the meeting, Gree China, Gree USA, MJC, and Gree Hong Kong agreed not to recall their products or to report the defective design and defective materials issues to the United States Consumer Products Safety Commission, its retail customers, or the general public to avoid adverse publicity and loss of sales.

The Hoffmans assert Gree China, Gree Hong Kong, Gree USA and MJC continued to sell their dehumidifiers. On September 12, 2013, the United States Consumer Products Safety Commission announced that Gree China

manufactured dehumidifiers were being recalled because of serious fire and burn hazards. The initial recall included dehumidifiers manufactured between January, 2005, and August, 2013.

The Hoffmans assert that on or about March 25, 2016, Gree China, Gree Hong Kong, and Gree USA entered a settlement agreement with the Consumer Products Safety Commission in which they admitted knowingly manufacturing and distributing defective dehumidifiers as outlined above. They ultimately agreed to pay a civil penalty of fifteen million, four hundred fifty thousand dollars ($15,450,000.00) to settle the charges against them.

The Hoffmans purchased the dehumidifier which is the subject of this lawsuit in Sioux Falls, South Dakota. On November 8, 2018, the Hoffmans' dehumidifier started a fire and caused damage to real and personal property owned by the Hoffmans. As a result of the fire, the Hoffmans incurred property damage and other losses from the loss of their home. As a result of the fire, plaintiff Scott Hoffman claims to have suffered emotional distress.

The Hoffmans' counsel has outlined the facts pertinent to the pending motion in the affidavit of their counsel. Docket No. 25. The following facts are gleaned from that affidavit and from the court's own docket. On January 25, 2019, Gree USA and MJC filed an answer. Docket No. 9. Other foreign entities originally named by the Hoffmans in this lawsuit filed a motion to dismiss. Docket No. 10. On January 29, 2019, the Hoffmans filed an amended complaint. Docket No. 12. On April 2, 2019, the district court entered an order denying as moot the motion to dismiss [Docket No. 15] because the

parties who made the motion (Gree Electrical Appliances , Inc. and Hong Kong Gree Electric Appliance Sales, Ltd.) had been omitted from the plaintiffs' amended complaint.  Docket No. 12.

On April 29, 2019, the district court entered an order for a discovery report and scheduling information.  Docket No. 16.  That order required the parties to, within thirty days following the appearance of a defendant, or sixty days after the service of the complaint upon a defendant, hold a Rule 26(f) meeting.  Id.  The parties were instructed to file a report of their meeting, on what had previously been referred to as the Form 52 Report of Parties' Planning Meeting.  Id.  The district court carefully outlined all the information which was to be included in the report.  Id.

The parties held their Rule 26(f) planning meeting telephonically on May 21, 2019, and their discovery report was filed on June 5, 2019.  Docket No. 17.  In their discovery report, the parties agreed to produce their Rule 26(a)(1) initial disclosures by June 21, 2019.  See Docket No. 17, Item D.10.[1]  The Hoffmans' counsel then reminded MJC and Gree USA they had never filed an answer to the amended complaint.  Docket No. 25-3.  MJC and Gree USA filed their answer to the amended complaint on July 3, 2019.  Docket No. 19.

On July 31, 2019, the Hoffmans' counsel emailed counsel for MJC and Gree USA.  Counsel for MJC and Gree USA stated their Rule 26 disclosures (which were by then at least a month overdue pursuant to the parties'

---

[1] In their brief, the Hoffmans mistakenly state the parties did not include a date for initial disclosures in their discovery report.

6

discovery report) (Docket 17) "should be filed soon." See Docket No. 25-4. By August 7, 2019, MJC and Gree USA had not yet provided the Rule 26 initial disclosures. Docket No. 25-5. The Hoffmans' counsel again emailed defense counsel, asking for the Rule 26 initial disclosures by August 16, 2019. Id. In response, on August 8, 2019, MJC and Gree USA filed their Rule 26 initial disclosures on the court's CM/ECF system.[2]

On August 12, 2019, the Hoffmans' counsel again emailed a letter to counsel for MJC and Gree USA regarding their Rule 26 initial disclosures. Docket No. 25-6. The subject of this communication was the sufficiency of the disclosures. Id. The Hoffmans' counsel asserted MJC and Gree USA's initial disclosures were deficient in the following ways: (1) they failed to identify any non-experts as individuals likely to have discoverable information; (2) they failed to provide any documents or information to support the affirmative defenses pled in the amended answer; and (3) they failed to provide a declarations page to the insurance agreement they produced.[3] The Hoffmans' counsel asked that the initial disclosures be supplemented by August 19, 2019. Id.

---

[2] As noted by the Hoffmans, this is contrary to Local Rule 26.1(B) which provides that "FED. R. CIV. P. 26(a)(1) and (2) materials must not be filed unless otherwise ordered by the court." See DSD LR 26.1(B).

[3] In his affidavit (Docket No. 25 at ¶ 10), counsel for the Hoffmans explains that though MJC and Gree USA attached a copy of the insurance agreement to the Rule 26 disclosures which was filed with the court, opposing counsel did not provide a copy of the declarations page to either the court or to counsel.

On August 16, 2019, MJC and Gree USA's counsel contacted the Hoffmans' counsel by telephone, requesting an extension of time to refile the defendants' Rule 26 initial disclosures. Docket No. 25, ¶ 11. The Hoffmans' counsel agreed to an extension of time until August 26, 2019. Id. As of the date the Hoffmans filed their motion to compel, MJC and Gree USA have not provided the Hoffmans with re-filed or amended Rule 26 initial disclosures. Id. at ¶ 12.

## DISCUSSION

### A. Good Faith Effort to Resolve Discovery Dispute

Both the Federal Rules of Civil Procedure and this district's local rules of procedure require that parties meet and confer in an attempt to resolve discovery disputes before filing discovery motions. See FED. R. CIV. P. 37(a)(1); DSD LR 37.1. A certification must be part of any discovery motion and the certification must show that a good-faith effort was made to resolve disputes before filing the motion. Id. The Hoffmans' counsel acknowledged this requirement in his original brief in support of his motion. Docket No. 24, p. 6. Counsel outlined the attempts made to communicate with counsel for MJC and Gree USA, and to persuade counsel to comply with the requirements of Rule 26(a)(1). Id.; Docket No. 25, ¶¶ 7-9; 11-12. Hoffmans' counsel states in brief that the efforts outlined in his affidavit satisfied the "good faith" that is required by the local rules and Rule 37. MJC and Gree USA do not contest this issue. Accordingly, the court moves on to the merits of the dispute.

## B.     Initial Disclosures Under Rule 26(a)(1)

The Hoffmans rely solely on the voluntary initial disclosures required by Rule 26(a)(1) as the legal authority for their motion.  That provision states in pertinent part as follows:

> (a)(1)(A)  *In General.*  Except as exempted by [part B of the rule] or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.
> (iii)  a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

See FED. R. CIV. P. 26(a)(1)(A).  Part (a)(1)(B) of Rule 26 contains a list of nine types of actions which are exempt from the requirement of making voluntary initial disclosures.  See FED. R. CIV. P. 26(a)(1)(B).  This case does not fit within any of those exceptions.  See id.  See also Docket No. 16-1 (Judge Piersol's April 29, 2019, letter to all parties advising them that this case is not exempt from Rule 26(f), and therefore, Rule 26(a), requirements).

9

Rule 26(a) was intended to increase the "exchange of basic information . . . and eliminate the paperwork involved in requesting such information." Advisory Committee's note, 1993 amendment. "Litigants should not indulge in gamesmanship with respect to the disclosure obligations." Id.

The Hoffmans emphasize two other sections of Rule 26(a). The first is section 26(a)(1)(E), which states:

> **(a)(1)(E)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

See FED. R. CIV. P. 26(a)(1)(E). The next part of the rule the Hoffmans emphasize is 26(g)(1)(A), which states:

> **(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**
> **(1)** *Signature Required, Effect of Signature.* Every disclosure made under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name— or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry;
> (A) with respect to disclosure, it is complete and correct as of the time it is made;

See FED. R. CIV. P. 26(g)(1)(A).

The initial disclosures are not optional. They must be made. Furthermore, a motion to compel is the appropriate remedy in the event a party fails or refuses to make these disclosures. See FED. R. CIV. P. 37(a)(3)(A). With

this information, the court turns to the Hoffmans' specific requests regarding MJC and Gree USA's Rule 26(a) initial disclosures.

### 1. The Sufficiency of MJC and Gree USA's Compliance with Rule 26(a)(1)(A)(i).

This portion of Rule 26(a) requires the parties to list the names and addresses of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." In their disclosure, Gree USA and MJC listed five people, with the qualifier that those individuals were individuals who were "likely to have discoverable information –along with the subjects of that information—that [Gree USA and MJC] may (but not necessarily will) use to support its . . . defenses to the allegations in the complaint." See Docket 22, p. 3.

The five "individuals" listed by Gree USA and MJC were two causation experts and one damage expert, along with, generally, "agents, employees, and representatives of the parties," and "any individuals identified by plaintiffs in its disclosures." Id.

The Hoffmans assert the general listing of "agents, employees, and representatives of the parties" is completely nonresponsive to the purpose of Rule 26(a)(1)(A)(i). The court agrees.

The Hoffmans direct the court to the allegations in their amended complaint wherein they allege the officers of Gree USA and MJC were aware that Gree dehumidifiers were sold and distributed by Gree USA and MJC in the United States with full knowledge they contained a defect that made them fire

11

hazards.[4] The Hoffmans' amended complaint also references a Consumer Products Safety Commission recall, settlement, and imposition of a civil penalty associated with the knowing distribution of defective dehumidifiers by MJC and Gree USA.[5] The Hoffmans assert in brief it is implausible that *specific* corporate representatives of MJC and Gree USA would not have discoverable information as well as information relevant to MJC and Gree USA's affirmative defenses in this lawsuit.

In Lyon v. Banker's Life and Casualty Co., 2011 WL 124629 at *1, 5-6 (D.S.D. Jan. 14, 2011), the court discussed this same issue. Rather than provide specific names, the corporate defendant merely listed "corporate representatives" along with a "c/o" address, listing counsel's own address and phone number in response to its obligation pursuant to Rule 26(a)(1)(A)(i). Id. at *1. The plaintiffs moved to compel more complete Rule 26(a) disclosures, arguing such a response did not comply with the requirements of Rule 26(a).

The district court agreed, explaining:

> It is not a good faith response to the obligation of a party under Rule 26(a)(1)(A)(i) to simply identify those "individuals" as corporate representatives, with no reference to the subject areas of their testimony, and then to identify their generic address as the address of defense counsel. To endorse such an approval would defeat the automatic disclosure intent of the Rule and impair the

---

[4] The court notes MJC and Gree USA denied the corresponding allegations in their answer to the amended complaint.

[5] MJC and Gree USA also denied this allegation except to the extent they admitted the Consumer Products Safety Commission conducted an investigation. Even that limited admission, however, leads to the conclusion that persons within MJC and Gree USA must have discoverable information and information relevant to the affirmative defenses in this lawsuit.

12

ability of the other party to prepare appropriate interrogatories to develop testimony of those potential witnesses.

Id. at *6. The court ordered the defendant to file its Rule 26 initial disclosures in conformity and compliance with Rule 26(a)(1). Id.

The defendant in Rogers v. Bank of America, N.A., 2014 WL 4681031 at *1 (D. Kan. Sept. 19, 2014) likewise identified individuals likely to have discoverable information pursuant to Rule 26(a)(1)(A)(i) by simply naming its "custodian of records and corporate representatives." Id. In response, the plaintiffs moved to compel more complete Rule 26 disclosures. Id.

The court agreed that such generic references are insufficient. Id. at *6.

> The court agrees with the rationale of . . . cases finding initial disclosures generically listing custodian of records or corporate representatives to be insufficient compliance with Rule 26(a)(1)(A)(i). . . . Defendants' use of generic categories of unnamed individuals could apply to many individuals within its company and does not advance the goal of exchanging basic discoverable information about individuals likely to have discoverable information Defendant may use to support its claims or defenses. It also impedes the goal of eliminating the need for serving and responding to separate written discovery requests to obtain this information. Because Defendants' initial disclosures failed to provide Plaintiff with the name and, if known, the address and telephone number of individuals likely to have discoverable information Defendant may use in defending this case, Plaintiff has been forced to engage in lengthy, significant, and time consuming demands for this information and, ultimately, motion practice to obtain the basic information contemplated under Rule 26(a)(1). Accordingly, the court finds that Defendants' mere identification of individuals not by name but by generic label that could apply to a number of its employees, such as Defendants' "corporate representative" or "records custodian," is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i).

Id. (cleaned up). See also, Toney v. Hakala, 2012 WL 1554911 at *1-2 (E.D. Mo. Apr. 30, 2012) (Rule 26(a)(1)(A)(i) disclosures identifying merely

13

"employees," "medical staff," and "records custodians," were insufficient because they did not provide plaintiff with the information required by the Rule, thereby preventing him from conducting effective discovery).

Based upon the foregoing authority, the court finds MJC and Gree USA's identification of "agents, employees and representatives of the parties" is wholly insufficient to comply with their obligation under FED. R. CIV. P. 26(a)(1)(A)(i) to identify individuals likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Such response defeats the automatic disclosure intent of the Rule and impairs the Hoffmans' ability to prepare appropriate interrogatories to develop testimony of those potential witnesses. Lyon, 2011 WL 124626 at * 6. The court will grant this portion of the Hoffmans' motion to compel.

### 2. The Sufficiency of MJC and Gree USA's Compliance with Rule 26(a)(1)(A)(ii)

Rule 26(a)(1)(A)(ii) requires the parties to provide, a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. In response to this portion of the Rule, MJC and Gree USA identified only photographs taken by its liability experts, and its expert reports. See Docket No. 22, p. 3.

The Hoffmans again assert this response is insufficient, especially in light of the numerous affirmative defenses MJC and Gree USA raised in their

14

answer (Docket No. 19) to the amended complaint. The affirmative defenses asserted by MJC and Gree USA include but are not limited to: contributory negligence, assumption of the risk, misuse of the product, res judicata, settlement, merger, and bar. See Docket No. 19, pp. 5-6, ¶¶ 1-11. Surely, the Hoffmans argue, if MJC and Gree USA truly believe these affirmative defenses apply in this case, they must have some form of documentation to support them other than photographs and expert reports. And if that is the case, under Rule 26(a)(1)(A)(ii), MJC and Gree USA must disclose said documents without awaiting a discovery request from the Hoffmans.

The Hoffmans cite Milliken & Co. v. Bank of China, 758 F. Supp. 2d 238, 245 (S.D. N.Y., 2010) in support of their Rule 26(a)(1)(A)(ii) argument. In that case, the court precluded the Bank of China from relying at trial upon the documents it failed to produce under Rule 26(a)(1)(A)(ii) to support its affirmative defense. Id. at 245.

In this case, the court is unable to discern at this stage of the proceedings whether MJC and Gree USA actually intend to pursue any of the ten affirmative defenses they have claimed in their answer to the amended complaint. The court orders MJC and Gree USA to supplement their Rule 26(a) disclosures to comply with Rule 26(a)(1)(A)(ii). If MJC and Gree USA intend to pursue any of their affirmative defenses but fail to so comply, they should not be allowed to rely at trial upon any documents not produced by them in the supplemented Rule 26(a) disclosures made pursuant to this court's order.

### 3. The Sufficiency of MJC and Gree USA's Compliance With Rule 26(a)(1)(A)(iv).

Rule 26(a)(1)(A)(iv) requires the parties to produce, without awaiting a discovery request, for inspection and copying as under Rule 34, any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. The Hoffmans assert that because the policy produced by MJC and Gree USA lacks a copy of the declarations page, the disclosure is incomplete and inadequate. Again, the court agrees.

Without the declarations page, it is impossible to confirm even the most basic of the information intended to be gleaned from this portion of Rule 26(a). Without knowing if MJC and Gree USA are named insureds, it is impossible to know whether the policy in fact will serve to "satisfy all or part of possible judgment in the action." Without a copy of the declarations page, there is no way to know how much MJC or Gree USA will be required to pay before the policy is required to pay anything at all (i.e. the deductible). Without the declarations page, there is no way to know the cap of the insurance company's obligation to pay any possible judgment (i.e. the policy limits). A copy of the policy, without the declarations page, serves practically none of the stated purposes under Rule 26(a)(1)(A)(iv).

"Disclosure of insurance coverage enables counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Zed Lee v. Moana Pa'akai, Inc., 2015 WL 12781707 at *2 (D. Haw., April 15, 2015) (cleaned up).

16

By withholding the declarations page, MJC and Gree USA are at a distinct advantage, because they possess important financial information which the Hoffmans lack. See also, Wolk v. Green, 2008 WL 298757 at * 2 (N.D. Cal. Feb. 1, 2008) (complete insurance policy must be disclosed pursuant to FED. R. CIV. P. 26(a)(1)(A)(iv); declarations page alone, or a summary of the policy is insufficient). Based upon this authority, the court orders MJC and Gree USA to supplement their Rule 26 disclosures to include a complete copy of the relevant insurance polic(ies) pursuant to Rule 26(a)(1)(A)(iv), including the declarations page.

**C.     The Hoffmans' Request for Attorney's Fees and Expenses.**

In both their original and reply briefs, the Hoffmans requested an award of attorney's fees and expenses. Rule 37 of the Federal Rules of Civil Procedure provides that if a court grants a party's motion to compel, the court "must" award the moving party its costs and attorney's fees unless the resisting party's position was, *inter alia*, "substantially justified." See Fed. R. Civ. P. 37(a)(5)(A).

The Supreme Court has held that "substantially justified" in the arena of discovery disputes means whether there was a " 'genuine dispute' or '[that] reasonable people could differ as to [the appropriateness of the contested action], . . .' " Pierce v. Underwood, 487 U.S. 552, 565 (1988). Here, MJC and Gree USA have failed to respond to the Hoffmans' motion to compel, let alone provide any argument that their inadequate Rule 26 disclosures were "substantially justified."

Therefore, pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Hoffmans are entitled to reasonable attorney's fees and expenses incurred for bringing this motion to compel.

**CONCLUSION and ORDER**

Based upon the foregoing facts, law, and analysis, it is ORDERED:

(1)  MJC and Gree USA shall bring their Rule 26(a) disclosures into compliance by supplementing them as described in this opinion within 14 days of the date of this order;

(2)  The Hoffmans are entitled to reasonable attorney's fees and costs incurred as a result of bringing this motion to compel.  Counsel for the Hoffmans shall, within 14 days of this order, submit an affidavit setting forth the time spent in connection with litigating the motion and the hourly rate requested for attorney's fees.  If defendants object in any way, they must file a response in opposition within 21 days.  The Hoffmans have the right to file a reply within 14 days.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be

timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED October 7, 2019.

BY THE COURT:

/s/ Veronica L. Duffy

VERONICA L. DUFFY
United States Magistrate Judge