UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT HOFFMAN and<br>LYNDA HOFFMAN,<br><br>                  Plaintiffs,<br><br>  vs.<br><br>MJC AMERICA, LTD, a California corporation; GREE USA, INC., a California corporation,<br><br>                  Defendants. | 4:18-CV-04169-LLP<br><br>ORDER GRANTING ATTORNEY'S FEES<br><br>[PLAINTIFF'S MOTION TO COMPEL, DOCKET NO. 23] |

## INTRODUCTION

This matter is pending before the court on plaintiffs Scott and Lynda Hoffman's ("the Hoffmans") amended complaint [Docket No. 12] alleging strict products liability and negligent infliction of emotional distress against defendants, MJC America, Ltd. and Gree, USA, Inc. ("MJC and Gree USA.") The Hoffmans filed a motion to compel MJC and Gree USA to produce their Rule 26(a) initial disclosures, Docket No. 23, and the district court, the Honorable Lawrence L. Piersol, referred that motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 26. Defendants MJC and Gree USA failed to even respond to the Hoffmans' motion.

The court granted the Hoffmans' motion [Docket No. 29]. They now move for sanctions in the form of attorneys fees in the amount of $8,462.51 for 38.1

hours' worth of work by three attorneys and a paralegal.  See Docket No. 34.
Defendants have not filed any objections to the amount requested.

**DISCUSSION**

**A.   Lodestar Method of Determining Reasonable Award of Attorney's Fees**

Although Federal Rule of Civil Procedure directs the award of attorney's fees in successful motions to compel (in the usual case), the court must still evaluate the Hoffmans' request for attorney's fees to determine whether it is reasonable.  In determining a reasonable award of attorney's fees under Rule 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorney's fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

**B.   Reasonable Hourly Rate**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16

(D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.)  In this case, the Hoffmans have submitted a request for attorney's fees based on a normal hourly rate of $350.00 per hour for  attorney Steven Johnson, $250 per hour for attorney Shannon  Falon, and $200 per hour for attorney Anthony Sutton.  See Docket No. 34 at p.2.  The Hoffmans request $95 per hour for paralegal Jennifer Pravecek's time.  Id.

Counsel has not submitted information about the prevailing hourly attorney rates in the District of South Dakota.  The court can determine those rates based on its own knowledge of prevailing rates here.  See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").  The court concludes on the basis of its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorney's fees that the rates quoted are reasonable hourly rates for these attorneys' and paralegal's time.

**C.    Reasonable Hours**

The court must also determine whether the number of hours spent by the Hoffmans' attorneys was reasonable.  Here, the Hoffmans request 38.1 hours of attorney and paralegal time in connection with their motion to compel.  See Docket No. 34-1 at p. 2.

Some courts have held that 30 and 21 hours spent in researching and drafting a discovery motion were a disproportionate amount of time for the nature of the dispute. See Criterion 508 Solutions, Inc. v. Lockheed Martin Services, Inc., 255 F.R.D. 489, 496 (S.D. Iowa 2008); Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680 (S.D. Iowa 1992).

In this district, this court has approved requests for attorney's fees ranging from $1,041.45 to $1,509.97 for run-of-the-mill motions to compel. See Heil v. Angie's Inc., Civ. No. 09-5074, Docket No. 68 (Sept. 1, 2011 D.S.D.) ($1,041.45 awarded for 4.8 hours of work); Howard Johnson Internat'l. Inc. v. Inn Development, Inc., Civ. No. 07-1024, Docket No. 73 (June 23, 2008 D.S.D.) ($1,453.50 awarded for 9.1 hours of work); Oyen, Civ. No. 07-4112, Docket Nos. 56 and 62 (Feb. 6 & Mar. 3, 2009 D.S.D.) ($1,509.97 awarded to defendant on defendant's motion to compel for 10.4 hours of work; $1,140.75 awarded to plaintiff on plaintiff's motion to compel for 8.45 hours of work).

In one extraordinary case in which the plaintiff made a detailed motion to compel involving numerous issues, the court granted that motion, and then plaintiff had to make a second motion to compel when the defendant refused to comply with the court's previous order. In that case, the court awarded $13,480 in attorneys' fees. See Beyer, Civ. No. 08-5058, Docket No. 65 (D.S.D.).

Here, the Hoffmans filed a two-page boilerplate motion, a 15-page memorandum of law, and a two-page reply brief simply pointing out that defendants had failed altogether to respond to the motion. See Docket Nos. 24

4

& 28.  Counsel also prepared a three-page affidavit laying foundation for a series of letters and an insurance agreement.  See Docket No. 25.  Approximately six pages of the initial brief merely set forth facts.  See Docket No. 24.  Altogether, 21 pages of pleadings were prepared.  Given plaintiffs' request for compensation for 38.1 hours of work, this equates to 1.8 hours of professional time drafting each page of pleading.  For a motion that was a default motion on a very straight-forward issue regarding defendants' obligation to provide initial disclosures, the court finds the amount of time spent to be excessive and not reasonable under the circumstances.  Experienced lawyers such as the Hoffmans' lawyers should not require nearly two hours per page to draft a motion to compel.

 Certainly there are some complex areas of the law such as antitrust law—and even complex discovery motions--which might warrant such time-intensive research and careful writing.  Issues of privilege and trade secrets might merit extra time to research and draft.  However, the issues in the Hoffmans' motion to compel were not of such a nature.  Ultimately, the burden is on the Hoffmans to prove that their request for attorneys' fees is reasonable.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.  The Hoffmans have not carried their burden as to the hours requested.

 In reviewing prior similar motions, the court notes that attorneys have spent anywhere from 4.8 hours to 10.9 hours on routine motions to compel.  See Heil, Civ. No. 09-5074, Docket No. 68; Howard Johnson Internat'l. Inc.,

Civ. No. 07-1024, Docket No. 73; Oyen, Civ. No. 07-4112, Docket No. 56. Giving the Hoffmans the benefit of the doubt, the court finds that a reasonable number of hours to have spent on their motion to compel would be 12 hours. In the original billing, each of the billers were responsible for the following percentage of the total hours spent: Steve Johnson 11%, Shannon Falon 10%, Anthony Sutton 68%, and Jennifer Pravecek 11%.

Multiplying each of the percentages against the 12 hours and multiplying each time-keeper at their hourly rate yields the following reasonable attorney's fees:

| | | |
|---|---|---|
| Steve Johnson | .11 x 12 x $350 = | $ 462.00 |
| Shannon Falon | .10 x 12 x $250 = | $ 300.00 |
| Anthony Sutton | .68 x 12 x $200 = | $1,632.00 |
| Jennifer Pravecek | .11 x 12 x $95 = | $ 125.40 |
| Subtotal | | $2,519.40 |
| Sales Tax | | $ 151.16 |
| **TOTAL ATTORNEYS FEE AWARD** | | **$2,670.56** |

The court finds this to be a reasonable award of attorney's fees given the limited issues presented and the default nature of defendants' response to the motion to compel.

## CONCLUSION

Based on the foregoing discussion, it is hereby ordered that plaintiffs are awarded the sum of $2,670.56 in attorney's fees as sanctions against

6

defendants for their motion to compel [Docket No. 23]. Defendants must remit this sum to plaintiffs' counsel within 30 days of the date of this order.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED November 19, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge